Case 4:21-cv-01666 Document 10 Filed on 07/28/21 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
July 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JENTRY KELLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1666 |
| | § | |
| DI ANGELO PUBLICATIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jentry Kelley ("Plaintiff") filed this action on November 7, 2018, against defendant Di Angelo Publications, Inc. ("Defendant") in the 270th District Court of Harris County, Texas, asserting claims for (1) violations of the Deceptive Trade Practices Act ("DTPA"), (2) breach of contract, (3) common-law fraud, and (4) fraud by nondisclosure.[1] Defendant filed a Notice of Removal on May 20, 2021.[2] Pending before the court is Plaintiff Jentry Kelley's Motion to Remand ("Plaintiff's Motion to Remand") (Docket Entry No. 7), to which Defendant has filed Defendant Di Angelo Publications, Inc.'s Opposition to Plaintiff Jentry Kelley's Motion to Remand ("Defendant's Response") (Docket Entry

---

[1] Plaintiff's Original Petition, Exhibit 2H to Notice of Removal, Docket Entry No. 1-10, pp. 5-9 ¶¶ 16-51. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2] Notice of Removal, Docket Entry No. 1.

No. 8). For the reasons stated below, Plaintiff's Motion to Remand will be granted.

## I. Factual Allegations and Procedural Background

Plaintiff is the owner of a makeup line based in Houston, Texas.[3] Defendant is a publishing company incorporated in Texas.[4] This case arises from a contract (the "Contract") between Plaintiff and Defendant under which Defendant agreed to publish a book entitled "Hooker to Looker: A Makeup Guide for the Not So Easily Offended" (the "Book").[5] Plaintiff states that she wrote the Book,[6] while Defendant states that it ghostwrote the Book.[7]

On November 7, 2018, Plaintiff filed suit against Defendant in the 270th District Court of Harris County, Texas, asserting claims for DTPA violations, breach of contract, common-law fraud, and fraud by non-disclosure.[8] Plaintiff claimed that Defendant had

---

[3]Plaintiff's Second Amended Petition, Exhibit 2A to Notice of Removal, Docket Entry No. 1-3, p. 3 ¶ 6; Defendant's Answer, Affirmative Defenses and Request for Declaratory Judgment in Response to Plaintiff's Second Amended Petition ("Defendant's Answer"), Docket Entry No. 3, p. 2 ¶ 6.

[4]Plaintiff's Second Amended Petition, Exhibit 2A to Notice of Removal, Docket Entry No. 1-3, p. 2 ¶ 2.

[5]Plaintiff's Motion to Remand, Docket Entry No. 7, p. 1 ¶ 1.

[6]Plaintiff's Original Petition, Exhibit 2H to Notice of Removal, Docket Entry No. 1-10, p. 4 ¶ 10.

[7]Notice of Removal, Docket Entry No. 1, p. 2 ¶ 4.

[8]Plaintiff's Original Petition, Exhibit 2H to Notice of Removal, Docket Entry No. 1-10, pp. 5-9 ¶¶ 16-51.

"concealed or otherwise failed to disclose actual costs to [Plaintiff]"[9] and had demanded payments from Plaintiff that were not supported by any agreement or legal principle.[10] Plaintiff claimed that under the Contract, "actual costs were to be deducted from gross revenue before a split of the net revenues between the parties[,]" but "Defendant materially breached the contract by concealing a markup on the costs, payable to Defendant" and deceptively treated the markup as part of the cost of publication.[11] In other words, Plaintiff claimed that "Defendant was not passing on actual costs but inflated costs marked up to Defendant's advantage."[12]

On January 11, 2020, Di Angelo Publications, Inc. ("Di Angelo") commenced suit against Jentry Kelley ("Kelley") in the Southern District of Texas, arguing that the court had original jurisdiction under the Copyright Act because Di Angelo was seeking a declaratory judgment as to ownership of copyrights in the Book. Di Angelo Publications, Inc. v. Jentry Kelley, Civil Action No. H-20-115, 2020 WL 5884659, at *1 (S.D. Tex. Aug. 28, 2020). On March 19, 2020, Kelley moved to dismiss the suit. Id. On August 28, 2020, the Honorable David Hittner granted Kelley's

---

[9] Id. at 4 ¶ 12.

[10] Id. at 5 ¶ 15.

[11] Id. at 7 ¶¶ 27, 29.

[12] Id. at 8 ¶ 43.

motion to dismiss, holding that "the disputed ownership and authorship of the Book hinges on the terms of the Contract[,]" that Di Angelo's claim therefore involved a question of state and not federal law, and that the court lacked subject matter jurisdiction. Id. at *2. Di Angelo appealed the dismissal to the Fifth Circuit Court of Appeals, and oral arguments were held on April 26, 2021. A decision is pending.[13]

On May 6, 2021, Plaintiff served Defendant a Second Amended Petition,[14] in which Plaintiff requested for the first time a declaration that "Plaintiff is the sole author and sole copyright owner of the Book."[15] On May 20, 2021, Defendant filed a Notice of Removal, arguing that the new request for declaratory relief implicated the federal Copyright Act.[16] Plaintiff filed the pending Motion to Remand on June 18, 2021;[17] Defendant filed a Response on June 29, 2021;[18] and Plaintiff filed a Reply on July 6, 2021.[19]

---

[13]Plaintiff's Motion to Remand, Docket Entry No. 7, p. 3 ¶ 4; Notice of Removal, Docket Entry No. 1, p. 2 ¶ 6.

[14]Plaintiff's Second Amended Petition, Exhibit 2A to Notice of Removal, Docket Entry No. 1-3, p. 13.

[15]Id. at 10 ¶ 58.C.

[16]Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶ 7.

[17]Plaintiff's Motion to Remand, Docket Entry No. 7.

[18]Defendant's Response, Docket Entry No. 8.

[19]Plaintiff Jentry Kelley's Reply to Defendant's Opposition to Plaintiff's Motion to Remand, Docket Entry No. 9.

## II. <u>Plaintiff's Motion to Remand</u>

### A. Standard of Review

Except as otherwise expressly provided by Act of Congress, a defendant or defendants in a civil action brought in a state court may remove the action to federal court if the action is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." <u>Louisville & Nashville Railroad Co. v. Mottley</u>, 29 S. Ct. 42, 43 (1908). Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987). "Since a defendant may remove a case only if the claim could have been brought in federal court, . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" <u>Merrell Dow Pharmaceuticals Inc. v. Thompson</u>, 106 S. Ct. 3229, 3232 (1986).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." <u>Manguno v.</u>

-5-

Prudential Property and Casualty Insurance Co., 276 F.3d 720, 723 (5th Cir. 2002). Because removal jurisdiction raises significant federalism concerns, the removal statute is strictly construed, "and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281-82 (5th Cir. 2007).

### B. No Jurisdiction Under the Copyright Act

Federal district courts have original jurisdiction over any civil action arising under the Copyright Act. 28 U.S.C. § 1338(a). An action "arises under" the Copyright Act if and only if the complaint: (1) "is for a remedy expressly granted by the Act[,]" (2) "asserts a claim requiring constructi[on] of the Act," or (3) "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." Goodman v. Lee, 815 F.2d 1030, 1031 (5th Cir. 1987) (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964), cert. denied, 85 S. Ct. 1534 (1965)).

Plaintiff does not seek a remedy expressly granted by the Copyright Act, and Defendant does not argue that a distinctive policy of the Act requires that federal principles control the disposition of Plaintiff's claim. Instead, Defendant argues that Plaintiff's claims require construction of the Copyright Act.[20]

---

[20]Defendant's Response, Docket Entry No. 8, p. 16 ("Establishing Kelley's right will require interpreting federal law . . . .").

-6-

This is the same basis for federal jurisdiction that the Fifth Circuit relied on in Goodman, 815 F.2d 1031-32, in which a plaintiff alleged that she was an actual joint co-author of a disputed song. The Fifth Circuit held that "exclusive federal district court jurisdiction exists in an action for a declaratory judgment to establish joint authorship of a copyrighted work," and thus federal jurisdiction over the plaintiff's claim was proper. Id. at 1032. But the Fifth Circuit distinguished between cases where the "'controlling issue involves a dispute over title to a copyright arising from an alleged breach of contract'" and cases that involved "the validity of the copyright itself under the Copyright Act." Id. Because Goodman belonged to the latter category, federal jurisdiction was proper. Id.

While "the Fifth Circuit has recognized that claims requiring construction of the Copyright Act create jurisdiction when the actions are based on rights created in the Act[,]" "state law claims over ownership to a copyright as a matter of state law do not 'arise under' the Copyright Act for the purposes of federal jurisdiction . . . ." Ultraflo Corp. v. Pelican Tank Parts, Inc., 823 F. Supp. 2d 578, 584 (S.D. Tex. 2011) (citing Kane v. Nace International, 117 F. Supp. 2d 592, 595-96 (S.D. Tex. 2000); see also Ross v. Dejarnetti, Civil Action No. 18-11277, 2020 WL 1889195, at *5 (E.D. La. April 16, 2020) ("[O]wnership of a copyright involves only a state law question if the disputed ownership hinges on the terms of a contractual agreement.").

> The mere fact that a contract deals with the disposition of a copyright or there is a dispute as to who owns the copyright does not implicate the Copyright Act: "[t]he general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough" to allege a wrong delineated by the Act, or a remedy provided by it.

RTG LLC v. Fodera, No. 5:19-CV-87-DAE, 2019 WL 5791459, at *5 (W.D. Tex. May 16, 2019) (quoting Eliscu, 339 F.2d at 828).

The Copyright Act provides that "[c]opyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of [a] copyright in the work." 17 U.S.C. § 201(a). The Copyright Act defines a "joint work" as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.

The Contract does not explicitly provide for ownership of copyrights. However, every page of the Contract refers to Plaintiff as "the author[,]"[21] and the Contract refers to the Book as "Jentry Kelley's book[.]"[22] At the bottom of the last page of the Contract, Plaintiff's signature appears next to the word "Author."[23] The Contract further states that "Di Angelo Publications takes pride in our ability to allow the author full creative

---

[21]Contract, Exhibit A to Defendant's Answer, Docket Entry No. 3-1.

[22]Id. at 3.

[23]Id. at 6.

control over the outcome [of] your book, along with a greatly enhanced royalty percentage (and option for buyout)."[24] The Contract never refers to the Book as a "joint work" or to Defendant as a "co-author."

The court concludes that determining the Book's ownership will require construction of the Contract and not of the Copyright Act. This case therefore does not arise under the Copyright Act, and Plaintiff's Motion to Remand will be granted.

C. **Removal Is Untimely**

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446(b), which provides that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"[W]hen read as a whole, § 1446(b) provides a two-step test for determining whether a defendant timely removed a case." Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992). "[I]f the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant . . . ." Id. "[I]f the case stated by the initial pleading is not removable, then notice

---

[24]Id. at 2.

of removal must be filed within thirty days from the receipt of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable." Id.

Defendant argues that this case only became removable when Plaintiff filed her Second Amended Petition seeking a declaration that she was the Book's sole author and copyright holder.[25] But Plaintiff claimed in her Original Petition, filed November 7, 2018, that she was "the sole author, owner, and claimant of the intellectual property rights to the Book and its ancillary creations" and "the sole owner of all copyrights" associated with the Book.[26] Plaintiff's First Amended Petition, filed July 8, 2020, made a virtually identical claim.[27] If claiming to be the sole author and copyright owner of a work were enough on its own to establish an action as removable under the Copyright Act, then this action became removable on November 12, 2018,[28] and Defendant's deadline to remove was December 12, 2018. See 28 U.S.C. § 1446(b).

---

[25]See Defendant's Response, Docket Entry No. 8, p. 11 ("Kelley introduced a federal question into her state court lawsuit when she amended her petition a second time and inserted a new cause of action seeking a declaration of sole authorship and ownership of a book in suit.").

[26]Plaintiff's Original Petition, Exhibit 2H to Notice of Removal, Docket Entry No. 1-10, p. 4 ¶ 10.

[27]Plaintiff's First Amended Petition, Exhibit 2D to Notice of Removal, Docket Entry No. 1-6, p. 4 ¶ 10.

[28]See Citation Corporate, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, p. 3.

But Defendant did not file its Notice of Removal until May 20, 2021, approximately three years too late.

### D. Attorneys' Fees

Plaintiff seeks reimbursement of attorneys' fees incurred due to Defendant's improper removal.[29]

Motions for remand are governed by 28 U.S.C. § 1447(c), which states in pertinent part that

> [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

"There is no automatic entitlement to an award of attorney's fees." Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 292 (5th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005).

The court concludes that Defendant had an objectively reasonable basis for seeking removal, and thus Plaintiff's request for reimbursement of attorneys' fees is denied.

---

[29]Plaintiff's Motion to Remand, Docket Entry No. 7, p. 4 ¶ 5.d.

### III. Conclusions and Order

For the reasons explained above, the court concludes that Defendant has failed to meet its burden of establishing that federal jurisdiction exists and that removal was proper. The court further holds that even if removal under the Copyright Act had been proper, Defendant's removal was untimely. Accordingly, Plaintiff Jentry Kelley's Motion to Remand (Docket Entry No. 7) is **GRANTED**, and this action is **REMANDED** to the 270th District Court of Harris County, Texas.

The Clerk will promptly provide a copy of this Memorandum Opinion and Order to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2021.

*[signature]*

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE